## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT SOSSAMAN**, Individually, and on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No: _____ JURY TRIAL DEMANDED |
| **VALET PARKING EXPERTS, INC.**, a Florida Corporation, d/b/a Cubby Caboose Mini Express, and **JEAN PIERRE PETIT**, individually, | ) ) ) ) ) ) | FLSA Opt-In Collective Action |
| Defendants. | ) ) | |

_____

## COLLECTIVE ACTION COMPLAINT
_____

COMES now the Plaintiff, Robert Sossaman, (hereinafter "Named Plaintiff") on behalf of himself and those similarly situated (collectively hereinafter "Plaintiffs"), and hereby complains as follows against the named Defendants:

### I.  NATURE OF THE ACTION

1.      This is an individual and Collective Action Complaint brought to obtain declaratory, injunctive, and monetary relief on behalf of the Named Plaintiff and those similarly situated who operate(d) as operator employees and/or were employees classified as "operators" for Defendants, Valet Parking Experts, Inc., d/b/a Cubby Caboose Mini Express and Jean Pierre Petit, (collectively hereinafter "Defendants"), who Defendants either classify or classified as independent contractors or failed to pay overtime pay for hours worked in excess of 40 hours per

week.  Named Plaintiff alleges violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and seeks permanent injunctive relief, back wages, liquidated damages, and other damages for himself and those similarly situated.

2.    The Defendants employ individuals classified as "operators" to operate rides such as electric trains, owned or leased by Defendants, in traditional shopping malls across America. Defendants paid Named Plaintiff and putative class members by the hour.

3.    The FLSA collective group consists of all individuals who operate(d) trains or other rides for the Defendants, and are or were misclassified as independent contractors, working for the Defendant Valet Parking Experts, Inc., at any time during the applicable limitations period ("Operators").  The Named Plaintiff, during applicable time periods is and/or was a member of this collective group and also brings individual claims as such.

4.    This action challenges both the classification of operators as independent contractors and Defendants' denial to the Named Plaintiff and those similarly situated of the rights, obligations, privileges, and benefits owed to them as employees under the FLSA.

## II. PARTIES

5.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6.    Plaintiff Robert Sossaman is a resident of Shelby County, Tennessee, who worked as an Operator in that state during most of the statutory period.  During the past three years he has been classified as an operator for the Defendants. During the past three years he has been classified as an independent contractor by the Defendants. Plaintiff was an operator of Defendants' train at the Wolfchase Mall in Shelby County, Tennessee. Plaintiff regularly worked in excess of forty (40) hours per week and did not receive overtime premium pay at any time during the class periods. (Named Plaintiff's Consent to Join collective action is attached hereto as Exhibit A.)

7.     Defendant Valet Parking Experts, Inc. (herein "Defendant Valet Parking Experts") is a Florida corporation with its principal place of business located at 408 Kelly Plantation Drive, Unit 1510, Destin, Florida 32541-8477, and was Plaintiff's "employer" as that term is defined under the FLSA.  Defendant Valet Parking Experts operates under the assumed name of Cubby Caboose Mini Express. Defendant Valet Parking Experts hires individuals, whom it classifies as independent contractors, to operate trains and other rides in shopping malls across the country. Defendant Valet Parking Experts employs operators throughout the United States.  Defendant Valet Parking Experts may be served via its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312. As of the date this Complaint was filed Defendant Valet Parking Experts had been administratively revoked by the Tennessee Secretary of State and has been doing business in Tennessee since January 13, 2015 unlawfully. (Tennessee Secretary of State, Division of Business Services Filing Information Attached hereto as Exhibit B.)

8.     Defendant Jean Pierre Petit is an adult individual and believed to be a resident of the State of Florida and who, at times relevant to this Collective Action Complaint, has been the Principal and owner of Valet Parking Experts, Inc. Defendant Petit exercised operational control over significant aspects of Valet Parking Experts' day-to-day functions and is therefore individually liable for any violation of the FLSA. Defendant Petit may be served for purposes of process at 408 Kelly Plantation drive, Unit 1510, Destin Florida, 32541-8477.

### III. JURISDICTION AND VENUE

9.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

10.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction.

3

11.     Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

12.     Named Plaintiff brings this action on behalf of himself and the Collective Class or Group.

### IV.  FLSA COLLECTIVE ACTION ALLEGATIONS

13.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14.     Named Plaintiff brings Cause of Action-Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of himself and all similarly situated individuals. This Collective Group is defined as:

> all individuals who, through a contract with Defendants or otherwise, performed or perform as Operators for Defendants under an agreement with Valet Parking Experts, Inc. and who were classified by Defendants as "independent contractors" (collectively "Covered Position") anywhere in the United States at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).

The Collective Group also includes the Named Plaintiff in this action.  Named Plaintiff reserves the right to modify this definition prior to conditional certification of the collective class or group.

15.     The Named Plaintiff, along with current and former employees of Defendants, in Covered Positions are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendants' common practice, policy, or plan of controlling their daily job functions.

16.     Defendants regularly permitted and required the Named Plaintiff and members of the Collective Group to work more than 40 hours per week without overtime compensation.

17.     Upon information and belief, Defendants knew that the Named Plaintiff and all similarly situated individuals performed work that required overtime pay.

18.     Defendants have therefore operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all time worked.

19.     Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to the Named Plaintiff and all similarly situated individuals.

20.     Count I of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the Named Plaintiff is similar to the claims of current and former "independent contractors" who work and/or have worked for Defendants.  Therefore, the Named Plaintiff should be permitted to bring this action as a collective action and on behalf of himself and those similarly situated individuals pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

21.     Defendants are liable under the FLSA for failing to properly compensate the Named Plaintiff and all similarly situated individuals, and notice of this lawsuit should be sent to all similarly situated individuals.  Those similarly situated individuals are known to Defendants and are readily identifiable though Defendants' payroll and other personnel records.

## V.  STATEMENT OF FACTS

22.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

23.     Defendant Valet Parking Experts is a corporation whose business consists of operating trains and other rides in shopping malls across America.

24.     Defendants own and/or lease the rides Plaintiffs operate.

25.     Defendants set Plaintiffs' work hours and conditions.

26.     Defendants pay Plaintiffs an hourly wage and additional compensation based on the number of riders during a certain period of time.

27.     Defendants set the rate of pay Plaintiffs are paid per hour and the rate of additional

compensation.

28.    Defendant Petit required Plaintiff Sossaman to report to him every day the number of riders the train serviced.

29. Defendant Petit required Plaintiff Sossaman to inform him immediately if anything went wrong.

30.    An employee of Defendant Valet Parking Experts (first name Glenda, last name unknown) trained Plaintiffs on its procedures and how to operate the train.

31.    Defendant Petit informed Plaintiff of changes on the train in person from time to time.

32.    The relationship between each member of the Collective Group and Defendants is essentially the same in all material respects.

33.    The Named Plaintiff and members of the proposed Collective Group must strictly follow Defendants' instructions and adhere to the pricing, policies, and procedures set by Defendants.

34.    Defendants denied the named Plaintiff and other Operators the benefits of exercising the following rights of actual independent contractors:

   a.    The right to negotiate the price of the rides;

   b.    The right to establish all sales and promotions and to require Operators to follow them;

   c.    The right to discipline Operators, up to and including termination, for reasons including hiring employees to run their ride or taking time off work;

   d.    The right to handle customer complaints against the Operators and to take disciplinary action;

e.    The right to withhold pay for certain specified expenses;

f.    The right to unilaterally terminate the employment relationship;

g.    The right to unilaterally vary the standards, guidelines, and operating procedures; and

h.    Various other rights reserved by Defendants.

35.    The Named Plaintiff and the Collective Group members were, or are, required to accept Defendants' conditions of employment or face termination.

36.    Defendants not only retained the rights listed above, but exercised the rights as well.

37.    The job performed by the Named Plaintiff and members of the proposed Operator Collective Group does not require specialized skills.

38.    Because they were misclassified as non-employees, the Named Plaintiff and members of the proposed Collective Group were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

39.    Operators work well in excess of forty (40) hours during a five to seven-day work week for which neither the Named Plaintiff nor, upon information and belief, members of the proposed Collective Group have received overtime premium wages.

40.    During the relevant time period, the Named Plaintiff worked in excess of 40 hours during many weeks of the year.  In addition, the Named Plaintiff is aware of numerous Operators who worked 40 hours or more per week on average.

41.    Defendants' mischaracterization of the Operators as independent contractors, the concealment or non-disclosure of the true nature of the relationship between Defendants and the Operators, and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unlawful practice by Defendants which this Court should enjoin.

7

## VI.  CAUSE(S) OF ACTION

<u>COUNT I</u>

FAILURE TO PAY OVERTIME
TO THE PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE COLLECTIVE GROUP
FLSA, 29 U.S.C. §§ 201, et seq.

42.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

43.    Section 206(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1)

44.    There are no exemptions applicable to the Named Plaintiff or to other members of the Collective Group.

45.    For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint throughout the portions of United States in which Defendants conduct business.

46.    The Named Plaintiff and other members of the Collective Group, either regularly or from time to time, worked more than 40 hours per week but did not receive overtime pay.

47.    Upon information and belief, at all times relevant hereto, Defendants have had annual gross operating revenues well in excess of $500,000.00.

48.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to the Named Plaintiff and other members of the Collective Group.

49.     As a result of Defendants' failure to pay overtime premium wages, the Named Plaintiff and the other members of the Collective Group were damaged in an amount to be proved at trial.

50.     Therefore, the Named Plaintiff demands that he and the other members of the Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest, damages, penalties, and attorneys' fees as provided by law.

## VII.  PRAYERS FOR RELIEF

WHEREFORE, Named Plaintiff requests of this Court the following relief on behalf of himself, all members of the Collective Action, and all other similarly situated individuals:

a.     That the Court certify the collective group named in the instant suit as an opt-in collective action under 29 U.S.C. § 216(b);

b.     That the Court declare the rights and duties of the parties consistent with the relief sought by Named Plaintiff;

c.     That the Court issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

d.     That the Court enjoin the Defendants from committing further violations of the Fair Labor Standards Act;

e.      That the Court award the Named Plaintiff and collective group members compensatory damages (back pay) and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

f.      That the Court award the Named Plaintiff and the collective group reasonable attorney's fees, costs, pre-and post judgment interest pre-judgment interest and expenses;

g.      That the Court order the Defendants to make the Named Plaintiff and the collective group members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

h.      That the Court award the Named Plaintiff and the collective group members such additional relief as the interests of justice may require;

i.      That a jury be impaneled to try this cause.


Dated: August 3, 2017                           Respectfully Submitted,


                                                */s/ J. Russ Bryant*
                                                Gordon E. Jackson (TN Bar No. 08323)
                                                J. Russ Bryant (TN Bar No. 033830)
                                                Paula R. Jackson (TN Bar No. 20149)
                                                **JACKSON, SHIELDS, YEISER & HOLT**
                                                262 German Oak Drive
                                                Memphis, TN 38018
                                                Telephone: (901) 754-8001
                                                Facsimile: (901) 754-8524
                                                *gjackson@jsyc.com*
                                                *rbryant@jsyc.com*
                                                *pjackson@jsyc.com*

                                                *Attorneys for Named Plaintiff, individually, on
                                                behalf of himself, and others similarly situated*