# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROBERT SOSSAMAN, individually, and on behalf of himself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) VALET PARKING EXPERTS, INC., d/b/a ) Cubby Caboose Mini Express, and JEAN ) PIERRE PETIT, individually, ) ) Defendants. ) ) | No. 2:17-cv-02557-TLP-tmp<br><br>JURY DEMAND<br><br>COLLECTIVE ACTION COMPLAINT |

## ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL

Before the Court is the Joint Motion for Settlement Approval. (ECF No. 42.) The parties included a copy of their Settlement Agreement as an exhibit to the Motion. (ECF No. 42-1.) The Court entered an Order temporarily sealing the Settlement Agreement while it was under review. (ECF No. 45.) The Court has reviewed the Motion and Settlement Agreement to determine whether the parties have reached a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11–CV–400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and

the amount of discovery completed; (4) the probability of plaintiff's success on
the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Green v. Hepaco, LLC*, No. 2:13-CV-02496-JPM, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (quoting *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06–cv–1419–Orl–JGG, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007)). "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Fox v. Express Courier Int'l, Inc.*, No. 09-2401-STA, 2010 WL 11493934, at *1 (W.D. Tenn. Oct. 5, 2010) (internal quotation marks and citations omitted). Based upon the parties' filings and their representations to the Court during the hearing on July 10, 2018, the Court finds that the Settlement Agreement satisfies the factors discussed in *Green* and warrants approval.

The Settlement Agreement also includes the parties' agreed-upon Notice and Consent to Join form, which Plaintiffs' counsel will issue to potential class members—all current and former operators who were employed by Defendant from August 3, 2015 to present—informing potential class members of their right to join in this action. The Court approves the parties' Notice, the terms regarding its dissemination, and the Settlement Agreement's terms regarding payments to potential class members. The Court finds that the terms of the Settlement Agreement's Confidentiality Provision does not interfere with the purpose and effect of the Notice and Consent to Join or the Settlement Agreement. The Court is satisfied that the parties filed an un-redacted copy of the Settlement Agreement as a public record with the Court. *Cf. Scott v. Titlemax of Tennessee, Inc.,* No. 2:13-CV-2710-SHL-DKV, 2015 WL 12516225, at *1 (W.D. Tenn. May 8, 2015).

For these reasons, the Court GRANTS the Joint Motion for Settlement Approval. In accordance with the "strong presumption of public access that attaches to judicial documents," *Green*, 2014 WL 2624900, at *4 (quotation marks and citations omitted), the Court also ORDERS that the parties' Settlement Agreement (ECF No. 42-1) will be UNSEALED.

**SO ORDERED**, this 13th day of July, 2018.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE